IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO.4:02-CR-051-Y(1) |
| | § | (CIVIL NO.4:05-CV-722-Y) |
| DOUGLAS EDWARD ALLEN | § | |

ORDER DISMISSING SUCCESSIVE MOTION UNDER 28 U.S.C. § 2255

Now pending before the Court is defendant Douglas Edward Allen's November 14, 2005, motion to clarify or amend judgment, which is construed as a motion for relief under 28 U.S.C. § 2255.[1] After preliminary review of the motion consistent with Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts,[2] the Court concludes that the instant § 2255 motion must be dismissed as a successive motion filed without a certification from the court of appeals.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second motion filed by a person attacking

---

[1] *See generally United States v. Rich,* 141 F.3d 550, 551 (5th Cir. 1998) (where the Court of Appeals for the Fifth Circuit recognized that "motions that federal prisoners purportedly bring under Federal Rule of Civil Procedure 60(b), but which essentially seek to set aside their conviction on constitutional grounds," should be treated as § 2255 motions; and noting that there is a "trend among circuit courts to look beyond the formal title affixed to a motion if the motion is a functional equivalent of a motion under § 2255"), *cert. den'd,* 119 S.Ct. 1156 (1999)(citations omitted).

[2] Rule 4, as amended effective December 1, 2004, provides in part:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

RULES GOVERNING SECTION 2255 CASES, RULE 4(b).

a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[3] These provisions require dismissal of a second or successive motion under § 2255 unless specified conditions are met. The Supreme Court observed that the AEDPA "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[4]

Allen filed a prior motion under 28 U.S.C. § 2255 in August 2004, and that motion was dismissed with prejudice to refiling for relief under § 2255 in an order and judgment filed on September 13, 2004.[5] Since Allen's present motion was filed after the effective date of the AEDPA, this court is without jurisdiction to consider the motion unless leave to file the same is granted by the Court of Appeals for the Fifth Circuit. As a result, the Court finds that Douglas Edward Allen's November 14, 2005, motion under § 2255 must be dismissed without prejudice to his right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion pursuant to 28 U.S.C. § 2255 and § 2244(b)(3)(A).

---

[3] *See* 28 U.S.C.A. § 2255 (West Supp. 2005); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West Supp. 2005).

[4] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

[5] The Court takes judicial notice of its own records in this case. The first § 2255 motion was assigned civil number 4:04-CV-614-Y.

Therefore, defendant Douglas Edward Allen's November 14, 2005, motion to correct sentence under 28 U.S.C. § 2255 [docket no. 43] is DISMISSED WITHOUT PREJUDICE to Allen's right to file a motion in the United States Court of Appeals for the Fifth Circuit for leave to file a successive § 2255 motion.

SIGNED November 16, 2005.

*/s/ Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE